White, J.
1. The first question is whether Nesbit’s mortgage operated to protect him against his liability on the liundred-dollar note to Keeler, Holcomb & Co. If it did so operate, he was justified in paying the note out of the proceeds of the sale of the mortgaged property.
The primary object of the mortgage, as respects the note held by the Second National Bank, was not to secure the bank, but to secure Nesbit against his liability for Rooney. If Nesbit had been released from such liability, by the bank or otherwise, the mortgage would have been discharged to that extent. The bank, it is true, was paid, but the liability of Nesbit for Rooney was not discharged. There was a mere exchange or substitution of the liability to Keeler, Holcomb & Co. for that to the bank. The liability incurred by Nesbit to Keeler, Holcomb & Co. was not an independent transaction, but the direct consequence of his liability to the bank, his liability to the former being incurred solely for the purpose of raising the money with which to discharge his liability to the bank. We are of opinion therefore that, under the mortgage, he was entitled to be protected against the new liability thus incurred. At the time of the commencement of the suit, and the recovery of the possession of the property, the time had not arrived for the filing, by the mortgagee, of a new statement showing his interest in the mortgage after the payment of the $200 to the bank by Rooney.
2. The next question is, whether the affidavit of Nesbit on the mortgage is sufficient to cover his liability as indorser to the bank.
*382 It was held in Gardner v. Parmalee (31 Ohio St. 551), that the affidavit need not be in any particular form; that if it contains the requisite facts, the form in which they are stated is immaterial. And it was also held that where the affidavit refers to matters contained in the mortgage, the matters thus referred to are to be regarded' as part of the affidavit. ■ Under the authority of that case we think the affidavit is sufficient to cover such liability.
The affidavit states that the mortgage is bona fide and that the claim secured by the mortgage, as therevn set forth, is just and wholly unpaid. This, taken in connection with the mortgage, is a sufficient statement, we think, of Nesbit’s liability as accommodation indorser for Rooney to the bank, and of his claim to indemnity against any loss resulting therefrom, and that the mortgage was taken in good t faith to secure such indemnity.
3. The remaining question is, whether the affidavit on Keegan’s mortgage is sufficient to cover his liability as accommodation indorser to Schmuaker & Egley.
This affidavit is good under the first clause of séction 2 of the act relating to chattel mortgages as amended May 7, 1869 (66 Ohio L. 345), which provides for the case where the mortgage is given “ to secure the payment of money only.” In such case the affidavit is required to contain “ a true statement, in dollars and cents, of the amount of his claim, and that it is just and unpaid.” But under the second clause of the section, which provides for the case of mortgages given to indemnify the mortgagee against any liability as surety for the mortgagor, the affidavit is required to state, in addition to the other requisites, that the mortgage “ was taken in good faith.”
The affidavit now in question, unlike the affidavit on the Nesbit mortgage, contains no statement in regard to the good faith or bonafides of the mortgage. Nor does it seem to us that in an indemnity mortgage taken under the second clause of the section, the statement of the amount justly due on the claim can be regarded as a compliance with the statute. The claim due the creditor may be just; and yet the mortgage given to the surety may be collusive and fraudulent. In so *383 far, therefore, as Keegan’s mortgage is intended to indemnify him against his liability as indorser it must be held invalid as against the attaching creditors. Haynes v. Tiffany, 25 Ohio St. 549.
Judgment of the district court reversed, and that of the court of common pleas modified to conform to this opinion.